## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

DAVID WAYNE GIZMO WEXLER,

        Plaintiff,

v.                                   Case No:   6:22-cv-1627-RBD-LHP

GEORGIE TORRES, FLORIDA
DEPARTMENT OF LAW
ENFORCEMENT, PATRICK LEPORE,
BLAISE TRETTIS, MICHELLE
CAMPBELL, and STATE OF
FLORIDA,

        Defendants.

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:**  **MOTION TO PROCEED** *IN FORMA PAUPERIS*
> **(Doc. No. 2)**
>
> **FILED:**    **September 8, 2022**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

I.      BACKGROUND.

Plaintiff David Wayne Gizmo Wexler, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Defendants the State of Florida, the Florida Department of Law Enforcement ("FDLE") Georgie Torres (FDLE task force agent, individual and official capacities), Blaise Trettis (Brevard and Seminole County Public Defender, official capacity), Patrick Lepore (assistant public defender, official capacity), and Michelle Campbell (regional counsel, official capacity).   Doc. No. 1. This is Plaintiff's second attempt at bringing a case under § 1983 against these Defendants.   *See David Wayne Gizmo Wexler v. Georgie Torres, et al.*, No. 6:21-cv-887-RBD-LHP, Doc. Nos. 1, 47 (M.D. Fla.) (hereinafter "*Wexler I*").[1]

The complaint in the instant case is not a model of clarity.   Indeed, although Plaintiff references an Affidavit of Arrest, a search warrant, and an "incident" on July 16, 2015, Plaintiff does not identify any specific charges brought against him, who arrested him, when he was arrested, or procedural details related to his prosecution.   Doc. No. 1.   But it is clear that Plaintiff's arrest and prosecution involved allegations regarding possession of child pornography, and that he seeks redress regarding same.   *E.g.*, *id.* at 16, 28.[2]   The complaint contains seventeen

_____

[1] Although the named Defendants in this matter appeared and moved to dismiss the complaint in *Wexler I* on two occasions, the first motion concerned defects in service of process only, and the second motion was denied as moot following an amendment to the complaint.   *See Wexler I*, Doc. Nos. 44, 46, 67.

[2] Citations to Plaintiff's complaint reflect the pagination assigned by CM/ECF,

causes of actions against the various Defendants. *See id.* at 14–29. In relief,

Plaintiff seeks:

> 1) Federal Court review of Law Enforcement patterns and practices involving Child Pornography cases, in which an affirmation is the only requirement of an arrest. Review of all Child Pornography cases and the details that are being used. Physical data and investigation methods can display much more than what is being established in reports, lack of scientific knowledge. A DCF supervisor confirmed that there are several cases that do not make sense based on police reports and unable to disclose to the accused. If appropriate, seek remedial relief of FDLE practices.
>
> 2) Review of the integrity of data and hash values of files and descriptions being stored in the Department of Homeland Security and other Child Exploitation databases and datasets.
>
> 3) Removal of the felony double jeopardy arrest record dated 7/5/2016 and clear my name.
>
> 4) Being the sole provider of my family, financial compensation of 2,126 days of reduced/lost income of $365,750 plus $500 paid for my bond.
>
> 5) Due to false accusation, unlawful detention, defamation of character, deprivation of liberties and property, PTSD, violation of my business, Gwent, LLC, wife's, and kids' rights; I am requesting the Court to decide the financial impact of irreparable and punitive damages.

*Id.* at 29–30.

With the complaint, Plaintiff has filed an Application to Proceed in District

Court Without Prepaying Fees or Costs (Doc. No. 2), which has been construed as

a motion for leave to proceed *in forma pauperis*. The motion for leave to *proceed in*

---

rather than the internal pagination provided by Plaintiff.

*forma pauperis* has been referred to the undersigned, and the matter is ripe for review.

## II.    STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*.   First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*.   28 U.S.C. § 1915(a)(1).   Second, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief.   *Id*. § 1915(e)(2)(B)(i)–(iii).[3]   A complaint is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[3] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*.   *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III.   ANALYSIS.

Upon review of Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2), it appears that Plaintiff may qualify as a pauper pursuant to § 1915(a)(1). However, Plaintiff's complaint (Doc. No. 1), as currently pleaded, asserts claims against Defendants immune from his claims, and the complaint otherwise fails to state viable § 1983 claims and constitutes a shotgun pleading.

As discussed above, Plaintiff purports to assert his claims pursuant to 42 U.S.C. § 1983. Doc. No. 1. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of

state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). "More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983." *Hannah v. Union Corr. Inst.*, No. 3:12-cv-436-J-20JBT, 2012 WL 1413163, at *1 (M.D. Fla. Apr. 23, 2012) (citing *L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984)).

To begin, most of the claims asserted here are made against Defendants immune from such relief. Specifically, Plaintiff names the State of Florida as a Defendant, and attempts to assert four claims under § 1983 against it, although the basis of those claims is less than clear. "[A]bsent a State's consent, the Eleventh Amendment bars a civil rights suit in a federal court that names the State as a defendant." *Vale v. United States*, No. 6:10-cv-1525-Orl-31GJK, 2010 WL 5209339, at *1 (M.D. Fla. Dec. 16, 2010) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). So, "to the extent Plaintiff seeks monetary damages against the State of Florida, the Eleventh Amendment bars" the claim unless waived by the State or Congress. *See Hart v. Florida*, No. 8:13-cv-2533-T-30MAP, 2013 WL 5525644, at *1 (M.D. Fla. Oct. 4, 2013). *See also Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995) ("A state, state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983." (citing *Will v. Michigan Dep't of State Police*, 491 U.S.

58, 70–71 (1989))).[4]   The State of Florida has not waived its Eleventh Amendment immunity, nor has Congress abrogated that immunity in § 1983 cases.   *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986).

The same holds true of Plaintiff's claims against FDLE, as well as the official capacity claims against the individual state Defendants.   *See Desravines v. Fla. Dep't of Fin. Servs.*, No. 6:11-cv-235-Orl-22DAB, 2011 WL 2292180, at *4 (M.D. Fla. May 23, 2011), *report and recommendation adopted*, 2011 WL 2222170 (M.D. Fla. June 8, 2011) ("Plaintiffs attempt to assert claims under 42 U.S.C. § 1983 against the Florida Department of Law Enforcement (FDLE) . . . . However, such claims, which are really against the State of Florida, are barred by the Eleventh Amendment, as are any claims against individual state defendants in their official capacities." (citing *Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984))); *see also Librace v. Fla. Dep't of L. Enf't*, No. 3:19CV393/MCR/EMT, 2019 WL 6188619, at *2–3 (N.D. Fla. Nov. 4, 2019), *report and recommendation adopted*, 2019 WL 6174934 (N.D. Fla. Nov. 19, 2019).

---

[4] Moreover, to the extent that Plaintiff's complaint seeks prospective injunctive relief, which appears to be requested in the form of the Court reviewing law enforcement's investigation practices in child pornography cases, *see* Doc. No. 1, at 29–30, Plaintiff has not adequately alleged threat of future injury.   *See, e.g., Arnold v. Martin*, 449 F.3d 1338, 1341 (11th Cir. 2006) (prospective injunctive relief unavailable where it would not redress any future harm).

In addition, insofar as Plaintiff's complaint includes claims (Claims Eight–Thirteen) against the Brevard and Seminole County Public Defender (Blaise Trettis) an assistant public defender (Patrick Lepore), and regional counsel (Michelle Campbell), the United States Supreme Court has held that a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Hall v. Tallie*, 597 F. App'x 1042, 1044 (11th Cir. 2015).[5]   Consequently, "counsel with the Public Defender's Office are not deemed state actors and no viable § 1983 claim is stated to the extent the [complaint] attributes liability to the Public Defenders in connection with their handling, or alleged mishandling, of Plaintiff's underlying criminal case."   *Hall-Krabill v. Anderson*, No. 2:18-cv-399-FtM-29UAM, 2019 WL 462812, at *3 (M.D. Fla. Feb. 6, 2019).   *See also Grider v. Cook*, 590 F. App'x 876, 880 (11th Cir. 2014) (stating that state-appointed attorneys from the Office of Criminal Conflict and Civil Regional Counsel could not generally be held liable under § 1983 for performing traditional lawyerly functions as counsel in a criminal proceeding).

---

[5] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."   *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

Further, while "a public defender may be liable under § 1983 if he or she conspires with someone who did deprive the plaintiff of one or more of his legally recognized rights under color of state law," *Hall*, 597 F. App'x at 1044, a plaintiff must allege sufficient facts and cannot rely upon mere conclusory allegations to demonstrate a conspiracy.  *See Kearson v. Southern Bell Tel. & Tel. Co.*, 763 F.2d 405, 407 (11th Cir. 1985) ("In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint."); *see also Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011) (affirming district court's *sua sponte* dismissal of arrestee's § 1983 complaint containing only conclusory allegations of conspiracy between public defender and state officials); *Grider v. Cook*, 522 F. App'x 544, 547 (11th Cir. 2013) (finding that court-appointed public defenders and regional counsel could "not be sued under § 1983 for their actions taken in connection with representing [the plaintiff] before the state trial and mental health courts," and although the plaintiff "attempted to bring [them] within the realm of § 1983" by alleging conspiracy claims, the plaintiff "provided nothing more than a 'general conclusory allegation of conspiracy'" to support that claim).  Plaintiff's complaint does not sufficiently allege a conspiracy, and thus, does not state a claim under § 1983 against the public defender Defendants.

Finally, to the extent that any of Plaintiff's claims remain, *i.e.*, the individual capacity claims against Defendant Torres, the complaint constitutes a shotgun

pleading.   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   In addition, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."   Fed. R. Civ. P. 10(b).   The plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"   *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).   Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."   *Id.* at 1321–23.

As discussed above, the complaint includes only sparse, conclusory, and vague factual allegations relating to Plaintiff's arrest, which arrest appears to form

the basis for all of his claims in this case, rendering it the second type of shotgun

pleading.   *See* Doc. No. 1.   Indeed, "[a]lthough the . . . complaint enumerates the

legal rights of which [Plaintiff] was allegedly deprived and which principles each

defendant allegedly violated, it does not . . . draw any clear lines between the legal

and factual bases for his claims, or set forth the elements of any of his claims."   *See*

*Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019) (finding § 1983 complaint

warranted dismissal).

The complaint also constitutes the third type of shotgun pleading because

although Plaintiff purports to separately identify several different causes of action

against each named Defendant, what those causes of action are is less than clear

because Plaintiff includes several different accusations in the label of each count,

and fails to adequately set forth the factual and legal bases for those claims.   *See,*

*e.g.*, Doc. No. 1, at 14 ("Claim One – Misleading Judicial System, Invalid Search

Warrants, Unauthorized Access to Stored Communications, Trespassing), *id.* at 15

("Claim Two – False Statement to State Agency, Coerced Statement of Business

Issue, Coerced to Provide a Computer Case"), *id.* at 17 ("Claim Three – Invalid

Original Jurisdiction, Deprivation of Rights; Wrongful Order & Executed of

Arrest").[6]

---

[6] Given the paucity of the factual allegations related to the underlying arrest and
prosecution, it is also unclear whether Plaintiff brings his claims within the applicable
statute of limitations.   The limitations period for commencing a § 1983 action in Florida is

Thus, at minimum, I will respectfully recommend that the Court dismiss Plaintiff's complaint as a shotgun pleading (as to the claims for which Defendants are not immune).   *See Marfut v. Gardens of Gulf Cove POA, Inc.*, No. 2:17-cv-595-FtM-38CM, 2018 WL 746866, at *3 (M.D. Fla. Feb. 7, 2018) (dismissing *pro se* complaint for failure to comply with Rule 8 when it failed "to notify the Defendants of all the claims against them because it is rife with vague, conclusory allegations and groups separate legal theories into the same claim"); *Reed v. U.S. Bank Nat'l Ass'n*, No. 8:17-cv-1051-T-33AEP, 2017 WL 2001998, at *6 (M.D. Fla. May 11, 2017) (finding complaint was a shotgun pleading where the causes of action did not state their legal basis, the complaint referenced numerous state and federal statutes that did not support plaintiff's claims, and the Court was forced to comb through the complaint to determine which statutes cited in the factual allegations could support the plaintiff's claims); *Jablonski v. Travelers Co., Inc.*, No. 2:15-cv-365-FtM-38CM, 2016 WL 614655, at *1 (M.D. Fla. Feb. 16, 2016) (dismissing *pro se* amended complaint where "[t]he factual allegations in the Amended Complaint are a jumble of statements and although Plaintiff attempts to allege eight counts against Defendant, it is unclear what misconduct is being alleged against Defendant and on what legal

---

four years.   *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).   Plaintiff alleges that an "Order of Arrest" issued on July 5, 2016, and an alleged "crime" occurred on July 16, 2015.   *See* Doc. No. 1, at 11, 18.   But he did not bring the present action until September 8, 2022.   *See id.*

basis."); *McMahon v. Hunter*, No. 2:06-cv-00179-34DNF, 2007 WL 1952906, at *1–3 (M.D. Fla. July 2, 2007) (striking complaint as shotgun pleading where it was largely pled in stream of consciousness and the allegations were, among other things, disorganized, "peppered with irrelevancies" and made "little attempt to separate factual allegations from legal theories . . . .").

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint.   *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002))).   As discussed above, this is not the first complaint filed by Plaintiff in this Court against the above-named Defendants.   *See Wexler I*, Doc. Nos. 1, 47.   However, given that it is the first complaint filed in this case, and that the Court did not address the merits of Plaintiff's claims in *Wexler I* as to the Defendants named here, *see Wexler I*, Doc. Nos. 44, 46, 67, I will respectfully recommend that Plaintiff be given one opportunity to file an amended complaint that states a claim within the Court's jurisdiction, against Defendants which are not immune from the relief sought.[7]

_____

[7] Thus, Plaintiff should not be permitted to bring an amended complaint against the State of Florida, the FDLE, or any of the currently named individual Defendants in their official capacities as such claims are barred by Eleventh Amendment immunity,

Should Plaintiff be permitted to file an amended complaint, Plaintiff is cautioned that he must provide "a short and plain statement" of his claims.   Fed. R. Civ. P. 8(a)(2).   In addition, he must "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."   Fed. R. Civ. P. 10(b).

Plaintiff must allege in the body of the complaint, under a section entitled "Statement of Facts," how each named defendant participated in the activity that allegedly violated his rights.   Plaintiff must also clearly allege the legal basis of each cause of action, asserted whether a constitutional provision, treaty, statute, or common law.   He must also assert each cause of action in a separate count of the complaint.

Further, in an amended complaint, Plaintiff must allege in the body of the complaint how each named Defendant participated in the activity that allegedly violated his rights.   Plaintiff must allege some causal connection between each Defendant named and the injury he allegedly sustained.   One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation.   Finally,

---

unless Plaintiff can allege facts sufficient to overcome that immunity as described in this report and recommendation.

Plaintiff must allege specifically harm or injury by the actions and/or omissions of the Defendant(s).

Because Plaintiff is currently proceeding without a lawyer, the undersigned directs his attention to the Court's website, http://www.flmd.uscourts.gov.   On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

## IV.   RECOMMENDATION.

For the reasons stated herein, it is **RESPECTFULLY RECOMMENDED** that the Court:

1. **DENY without prejudice** the motion to proceed *in forma pauperis* (Doc. No. 2);

2. **DISMISS** the complaint without prejudice (Doc. No. 1);

3. **PERMIT** Plaintiff to file an amended complaint, as outlined in this Report and within a time established by the Court, along with a renewed motion to proceed *in forma pauperis*.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives

that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.   11th

Cir. R. 3-1.

 Recommended in Orlando, Florida on October 18, 2022.

<br>

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party